**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| Allison Adkins,                     ) | |
|                               ) | |
|         **Plaintiff,**        ) | |
|                               ) | |
|     **vs.**                  ) | Case No.:1:12-cv-827 |
|                               ) | |
| Enhanced Recovery Company, LLC,   ) | |
|                               ) | |
|         **Defendant.**      ) | |

## COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Id.

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Id.

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." Hahn vs. Triumph Partnerships, LLC, 557 F.3d 755, 758 (7th Cir. 2009).

4. Even a single violation of the FDCPA is sufficient to support liability. Taylor vs. Perrin, Landry, deLaundry, deLauneay, & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997).

### Jurisdiction

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

### Venue

6. Venue is proper in this Judicial District

7.  The acts and transactions alleged herein occurred in this Judicial District.

8.  The Plaintiff resides in this Judicial District.

9.  The Defendant transacts business in this Judicial District.

## Parties

10. The Plaintiff, Allison Adkins, is a natural person.

11. The Plaintiff is a "consumer" as that term is defined by § 1692a.

12. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

13. The Defendant, Enhanced Recovery Company, LLC, (hereinafter referred to as "Defendant"), is a debt collection agency operating from an address located at 8014 Bayberry Road, Jacksonville, FL 32256.

14. The Defendant is a debt collection agency and is licensed by the State of Indiana. *See Exhibit "1" attached hereto*.

15. The Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## Factual Allegations

17. The Defendant is a debt collection agency attempting to collect a debt from the Plaintiff.

18. The Plaintiff incurred a debt to that was for primarily for personal, family or household purposes as defined by §1692(a)(5).

19. The debt owed by the Plaintiff went into default.

20. After the debt went into default the debt was placed or otherwise transferred to the Defendant for collection.

21. The Plaintiff disputes the debt.

22. The Plaintiff requests that the Defendant cease all further communication on the debt.

23. The Defendant's collector(s) were employee(s) and/or representative(s) of the Defendants at all times mentioned herein.

24. The Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

25. On January 5, 2012, the Plaintiff filed for bankruptcy relief under Chapter 13, Title 11 of the United States Code, bankruptcy case number 12-00095-AJM-13. *See Exhibit "2" attached hereto.*

26. The Defendant was listed under Schedule F of the Plaintiff's bankruptcy petition.

27. Schedule F of the Plaintiff's bankruptcy petition is a list of entities holding unsecured nonpriority claims against the Plaintiff.

28. The Bankruptcy Noticing Center is an entity of the Bankruptcy Court that sends notices of filing and meetings regarding a bankruptcy case to parties listed on the bankruptcy petition, some of whom receive it electronically if that entity has signed up for that service. The Defendant is one such entity.

29. The Bankruptcy Noticing Center sent Defendant electronic Notice of the 341 Meeting of Creditors on January 9, 2012. *See Exhibit "2".*

30. The 341 Meeting of the Creditors is a hearing where creditors or entities that wish to make a claim that the debt they are owed/attempting to collect should not be discharged.

31. The Notice of 341 Meeting of the Creditors that was sent to the Defendant contained information identifying John Steinkamp as the Plaintiff's attorney along with listing his contact information. *See Exhibit "2".*

32. Despite receiving the notice, the Defendant contacted the Plaintiff directly via letter dated February 2, 2012, in an attempt to collect a debt. *See Exhibit "3".*

33. The letter sent by the Defendant dated February 2, 2012, stated that the debt attempted to be collected was assigned to the Defendant. *See Exhibit "3".*

34. The letter also stated that the debt "may be reported to the national credit bureaus". *See Exhibit "3".*

35. However, on February 2, 2012, Sprint filed a proof of claim with the Bankruptcy Court in the Plaintiff's bankruptcy case, thereby stating that they were the current owners of the debt. *See Proof of Claim attached hereto as Exhibit "4".*

## First Claim for Relief:
## Violation of the FDCPA

1. The allegations of Paragraphs 1 through 35 of the complaint are realleged and incorporated herewith by references.

2.  The Defendant Enhanced Recovery Company, LLC violated 15 U.S.C § 1692e by misrepresenting the character and legal status of the debt by attempting to collect a debt included in an open bankruptcy.

3   The Defendant's acts and omissions intended to harass the Plaintiff in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692d by continuing to attempt to collect a debt from Plaintiff that was not its to collect.

4   The Defendant violated the FDCPA by engaging in unfair or unconscionable means to collect or attempt to collect a debt pursuant to the preface of 15 U.S.C. § 1692f when it attempted to collect a debt that was included in an active bankruptcy that was claimed to be owned by the original creditor.

5   The Defendant violated the FDCPA by continuing to contact Plaintiff directly despite having knowledge of legal representation pursuant to 15 U.S.C. § 1692c.

6   The Defendant violated the preface of 15 U.S.C. § 1692e by attempting to collect a debt that was not it's to collect.

7   The Defendant violated the FDCPA by threatening to report Plaintiff's debt to a credit reporting agency when it was not the current owner of the debt and thus would have been reporting false information, pursuant to 15 U.S.C. § 1692e.

8   The Defendant violated the FDCPA by attempting to collect an amount that was not permitted by law pursuant to 15 U.S.C. § 1692f when it attempted to collect a debt that was included in an active bankruptcy.

9   As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

**Prayer for Relief**

WHEREFORE, the Plaintiff prays that the Court grant the following:

1.  A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2.  Actual damages under 15 U.S.C. § 1692k(a)(1).

3.  Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4.  Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5.  Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ John T. Steinkamp
John T. Steinkamp
John Steinkamp and Associates
Attorney for Plaintiff
5218 S. East Street, Suite E1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320
Email: steinkamplaw@yahoo.com